Linda J. MURDOCK

v.

**NORTHROP GRUMMAN PRB SYSTEMS**

**Civil No. JFM–00–3672.**

United States District Court, D. Maryland.

Sept. 27, 2001.

Linda J. Murdock, Mechanicsville, MD, pro se.

James J. Kelley, Morgan Lewis and Bockius LLP, Washington, DC, for Lawrence Schadegg.

James J. Kelley, Adrienne Anita Brown, Morgan Lewis and Bockius LLP, Washington, DC, for Northrop Grumman PRB Systems.

## MEMORANDUM

MOTZ, District Judge.

Linda Murdock has brought this *pro se* action against her former employer, Northrop Grumman Corporation. She alleges that she was unlawfully discriminated against because of her gender. Discovery has been completed, and defendant has filed a motion for summary judgment to which plaintiff has responded. The motion will be granted.[1]

Plaintiff first asserts that she was *unlawfully denied a promotion.* That claim fails for three reasons. First, it is time-barred since the alleged denial of promotion occurred more than 300 days before plaintiff filed her EEOC charge. Second, plaintiff has stated no "promotion" claim as such since her claim is apparently based upon an allegation that she had been promised an upgrade when she was hired that she was not given. This is not a situation in which there was an open position for which plaintiff applied and to which a man was promoted. Third, plaintiff has produced no evidence that any man was given the upgrade that she allegedly was denied under comparable circumstances.[2]

Second, plaintiff has asserted a claim for "unequal pay." This claim essentially is the same as her denial of promotion claim, and it fails for the same reasons as does that claim.

Third, plaintiff claims that she was retaliated against because of a complaint that she filed with the EEOC. The adverse employment action she alleges was taken against her because of her complaint was a peer review of operational data bases she had developed. Assuming that the conducting of this review could constitute an "adverse employment action," the record establishes that it was contemplated and undertaken before plaintiff filed her EEOC complaint. Accordingly, as a matter of logic and as of law, the review cannot be said to have been conducted in retaliation for her filing of the complaint. Moreover, the record reflects that plaintiff agreed that the review was appropriate and that she initially was satisfied with the way it was conducted. She also has presented no evidence that the critical comments about her work product emanating from the review were motivated by gender discrimination.

Fourth, plaintiff asserts that she was constructively discharged. In order

---

1. Defendant has also filed a motion to strike a declaration filed by plaintiff in opposition to defendant's summary judgement motion. Although there are portions of the declaration that contain inadmissible evidence, I will deny the motion to strike as moot in light of the fact that I am granting defendant's summary judgment motion.

2. It is worthy of note that plaintiff's salary increased by approximately 14% from the date she was hired to the date of her resignation.

to establish such a claim she must establish, *inter alia,* that her working conditions were "intolerable." *See, e.g., Bristow v. Daily Press, Inc.,* 770 F.2d 1251, 1255 (4th Cir.1985); *Spriggs v. Diamond Auto Glass,* 242 F.3d 179 (4th Cir.2001). At the most, the record reflects that plaintiff believes that a company vice-president treated her and other women "in a condescending, disrespectful, denigrating, and hostile manner." This subjective perception self-evidently is not a sufficient basis for a discrimination suit, and plaintiff has identified no step taken against her by the vice-president that constituted sexual harassment or was motivated by gender animus.

Moreover, the record establishes that defendant accommodated plaintiff in many respects, including reducing her work hours at her request. This was reflected in her resignation letter in which she stated, "I've enjoyed the opportunity to work with you and greatly appreciate your accommodation of my special needs and your attention to matter affecting my personal well-being." Likewise, when negotiating a consulting contract with defendant, she wrote to her manager, Judith Fillius, "I really appreciate your patience and perseverance." In short, nothing in the record suggests that defendant took deliberate acts against plaintiff to force her to resign, and plaintiff herself admitted on her deposition that she informed Ms. Fillius that she decided to stop being an employee of defendant "by my choice."

For these reasons, defendant is entitled to the summary judgment it seeks.